# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 09-0296-05-CR-W-FJG |
| STEVE LARSON, | ) ) ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Motion in Limine requesting that the Prosecution not mention that defendant Larson was aware of "hits" performed by another club member (Doc. # 116).

Defendant Larson states that the Government has endorsed a witness from Minnesota named Paulson. Defendant Larson is alleged to have been a member of one of the Minnesota clubs and supposedly knows Paulson. During an interview with Paulson, he said that Larson told him that another club member was a "hitter" and had performed hits for the club on five different occasions. In response, the Government states that it does not intend to introduce this evidence at trial as it is not relevant to the conspiracy to distribute illegal narcotics. Accordingly, the Court hereby **GRANTS** defendant's Motion in Limine on this point (Doc. # 116).

Defendant Larson also filed a Motion in Limine to Preclude the Testimony of Defective Jeff Seever as an Expert on the Manufacture of Methamphetamine (Doc. # 115). In response the Government states that it does not intend to introduce such evidence through Officer Seever or any other witness. Accordingly, the defendant's

Motion in Limine on this issue is hereby **GRANTED (**Doc. # 115).

Defendant Larson also filed a Motion in Limine to Disallow the Testimony of Detective Steve Cook (Doc. # 103). Larson moves to limit Detective Cook's testimony as it involves his opinion as to the history and alleged general criminal propensities, activities, practices, and rituals of persons who belong to outlaw motorcycle clubs. Larson argues that in the case <u>United States v. John P. Street</u>, 548 F.3d 618 (8th Cir. 2008), Detective Cook testified regarding the history and general nature of the outlaw motorcycle clubs. The Eighth Circuit Court of Appeals in reversing that case characterized Detective Cook's testimony as "excessive" and "unduly prejudicial." Larson believes that the Government will try to offer this type of evidence in the instant case and thus seeks to have it excluded. The Government states that it intends to introduce only those activities, practices and rituals of the Galloping Goose and El Forastero motorcycle clubs that relate to the charged drug conspiracy. The Government states that it will not introduce evidence of the history of motorcycle gangs or their general propensities to engage in certain types of behaviors or to argue guilt by association. The Government argues that direct evidence and res gestae evidence will establish that illegal drug use and distribution was prevalent, tolerated, enabled, protected and encouraged by these two clubs and by the members. Limited evidence of the culture and the practices of the clubs will explain how the participants knew each other, the requirements and how the members worked together to execute the conspiracy. Through the testimony of former club members and law enforcement officers, the government states it will introduce evidence of illegal drug use by the defendants. The Government states that this evidence will be limited to the use and

distribution by the defendants of the drugs that are charged in the conspiracy.  In reply, Larson states that he will dispute at trial that he was present at any club meeting where there was an conspiratorial discussion regarding pooling money to purchase drugs for the "runs."  He states that he will also deny that he ever carried or had available a "run bag" for others to use or that he ever distributed methamphetamine to any other club members or agreed to participate in a conspiracy to do so.

In the Street case, the Eighth Circuit found that the admission of Detective Cook's testimony was improper because the defendant was not a member of a motorcycle gang and had never sought membership in a motorcycle gang.  Additionally, there was no evidence that the gang was involved in any of Street's activities and the gang reputation evidence had no relation to the murder that Street was charged with. However, In the Street case, the Eighth Circuit recognized that evidence regarding gang membership can be admissible under certain circumstances. The Court noted that in three other cases, "evidence of gang membership was allowed because it was relevant to establish conspiracy or to rebut codefendants' innocent explanations of their relationships with one another.  United States v. Bradford, 246 F.3d 1107, 1117 (8th Cir. 2001), overruled on other grounds by, United States v. Diaz, 296 F.3d 680 (8th Cir. 2002); United States v. Johnson, 28 F.3d 1487, 1497-98 (8th Cir. 1994); United States v. Sparks, 949 F.2d 1023, 1026 (8th Cir. 1991)."  Id. at 632.  The Court also noted that in United States v. Mills, 704 F.2d 1553, 1559 (11th Cir. 1983), cert. denied, 467 U.S. 1243 (1984), evidence regarding the internal workings of the Aryan Brotherhood was allowed to show how the members could communicate with each other despite being jailed in separate facilities.  The Court in that case found the evidence admissible

3

because it was an "integral and natural" part of the crime. Id. at 1559. Similarly, in the instant case, the Court finds the Street case distinguishable. There is no dispute that Larson was a member of one of the motorcycle clubs in Kansas City, Missouri and that he subsequently transferred his membership to a club in Minneapolis, Minnesota. Additionally, the charges against Larson are directly related to his involvement and membership in the motorcycle clubs. As long as Detective Cook's testimony is focused and limited to the activities of the clubs in Kansas City and the club to which defendant Larson belonged in Minneapolis, Minnesota, the Court finds that Detective Cook's testimony is admissible. Accordingly, defendant's Motion in Limine to Limit the Testimony of Agent Cook about Motorcycle Gang Involvement is hereby **DENIED** (Doc. # 103).


Date:  12/11/09  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN**, **JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge